### J. W. DAVIS v. THE STATE.

#### No. 3520. Decided April 21, 1915.

**1.—Carrying Pistol—Charge of Court—Burden of Proof—Reasonable Doubt.**

Where, upon trial of unlawfully carrying a pistol, the charge of the court placed the burden of proof on the defendant beyond a reasonable doubt that he had the right to carry the pistol, the same was reversible error.

**2.—Same—Case Stated—Innocent Intent—Weight of Evidence.**

Where, upon trial of unlawfully carrying a pistol, the evidence raised the issue that the defendant borrowed the pistol and carried it home, and en route

to his wagon to go home he got into a difficulty with another, the court should have submitted this issue in a proper manner, as defendant would not be guilty of a violation of the law if these were the facts; besides, the special charge asked by the county attorney was on the weight of the evidence.

Appeal from the County Court of Madison. Tried below before the Hon. Joe E. Webb.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

No brief on file for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of unlawfully carrying a pistol, his punishment being assessed at a fine of $100.

Briefly stated, the record shows that appellant and Frank Blair were neighbors and had had some trouble with reference to stock of appellant depredating upon the land or property of Blair. On the day that appellant is charged with having carried the pistol they met in town and trouble arose between them. There had been previous trouble. Davis borrowed a pistol, and claims that he was leaving the place where he borrowed the pistol, having it on his person, en route to his wagon to go home, when he met Blair. Blair contends that Davis was in the wrong about the trouble that ensued, and Davis insists that Blair was in the wrong. Davis had on the pistol at the time, and Blair had a knife. A personal difficulty arose and two shots were fired by Davis, and Davis was cut by Blair. The meeting was accidental at the time of the difficulty. It is unnecessary to discuss which was in the wrong, as the issue was presented from both viewpoints.

The court charged the jury that if they should find that appellant had the pistol, and that at the time had reasonable ground for fearing an unlawful attack upon his person, and they should further find that the danger was so imminent and threatening as not to admit of the arrest of the person about to make such attack, upon legal process, then he would not be guilty of carrying the pistol, and it was for the jury to determine whether the fear of an unlawful attack was reasonable and whether the danger was so imminent and threatening as not to admit of the arrest of the party about to make such attack upon legal process. Of course, if Blair was attacking appellant with an opened knife, the danger was threatening and imminent, but if Davis was the attacking party, then the question of self-defense would not be in the case. There is no objection, however, to this part of the charge, but the court gave this instruction: "You are instructed if you believe from the evidence beyond a reasonable doubt that the defendant had a legal right in accordance with the law herein given and from the evidence then in connection therewith the law does not take that right away because the defendant stops on his way home and demands an explanation which

leads up to a difficulty." Again the court charged the jury: "You are further instructed that if you believe from the evidence beyond a reasonable doubt that the defendant borrowed said pistol for the purpose of carrying it home and without the intent of making an attack on anyone or engaging in a difficulty even though he should have later engaged in a difficulty and discharged said pistol while on the way to his wagon though the defendant did not go the most direct route to his wagon, you will find the defendant not guilty." If for no other reason these charges are both wrong because they place the burden on the defendant, and this beyond a reasonable doubt. Before the jury could give appellant the benefit of his defensive matter, the jury would have to find under these charges beyond a reasonable doubt that appellant had the legal right to do the things upon which he relied. This is not the law. The reasonable doubt is in favor of the defendant and not against him. Appellant had the right to borrow the pistol and carry it home, and if after borrowing it he was en route to his wagon to go home he had not violated any law, and the mere fact that he engaged in a difficulty would not change his right to carry the pistol home. Of course, if he borrowed the pistol and went around town hunting his antagonist for the purpose of shooting him, we would have a different case entirely, but the court charged he must prove the defensive issues beyond a reasonable doubt. Again, there was a special charge asked by the county attorney, which was given. We deem it unnecessary to repeat it. Upon another trial if this phase of the law is given it should not be upon the weight of the evidence, which we think the county attorney's charge was.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*